**SIGNED.**

Dated: February 04, 2010

_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| PALO DESERT DEVELOPMENT, LLC, | ) | No. 2:09-bk-32416-JMM |
| Debtor. | ) | **MEMORANDUM DECISION** |

Secured creditor MidFirst Bank has moved for stay relief (DN 5). Its debt is in the amount of approximately $1,620,000. The Debtor, a single-asset real estate entity, values the parcel of land, to which MidFirst Bank's lien attaches, at $560,000. There is no equity in the property. The Debtor has no employees, no operating business, and only $23 in its bank account.

Nor does the Debtor have any unsecured creditors. It has not paid its real estate taxes for years 2008 or 2009 to Maricopa County, its only other creditor.

The Debtor's only plan is to sell the property. To date, it has no firm offer in hand.

The Debtor cannot, on this record, propose a feasible or effective plan. Its only hope is to obtain permits to enable the property to be sold, and then developed as a solar energy generating company. No plan has yet been filed, but this is the only articulated plan for the company. A court cannot confirm a speculative plan. *In re Pizza of Hawaii,* 761 F.2d 1374 (9th Cir.1985). Even if a plan were to be filed, it is doubtful that it would be confirmed, because Debtor would need the consent of its only creditor who is impaired. 11 U.S.C. § 1129(a)(10). That creditor is the same one moving for stay relief. Cause exists to lift the stay under both 11 U.S.C. § 362(d)(1) and (2).

IT IS ORDERED GRANTING MidFirst Bank's motion for stay relief. Creditor MidFirst Bank should present an order to that effect.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

John Friedeman, Attorney for Debtor

Marvin C. Ruth, Attorney for MidFirst Bank

Office of the U.S. Trustee